THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANDERSON DAVID GRAVES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-2469-JAR |
| | ) |
| FEDEX GROUND PACKAGE SYSTEM, INC., | ) |
| | ) |
| Defendant. | ) |

# **ORDER**

The *pro se* plaintiff, Anderson David Graves, brings this action alleging he was illegally discharged in response to his request for medical leave and for an accommodation of his disability. He has filed a second motion requesting the court appoint him counsel (ECF No. 26). For the reasons discussed below, the motion is denied without prejudice to being re-filed at a later date.

As the court noted in denying plaintiff's first motion for appointment of counsel, there is no constitutional right to appointed counsel in civil cases such as this.[1] The court is not obligated to appoint counsel in every employment-discrimination case.[2] The decision to appoint counsel lies solely in the court's discretion, which should be based on

---

[1] *Swafford v. Asture*, No. 12-1417-SAC, 2012 WL 5512038, at *1 (D. Kan. Nov. 14, 2012) (citing *Carper v. DeLand,* 54 F.3d 613, 616 (10th Cir. 1995) and *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989)).

[2] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

a determination that the circumstances are such that a denial of counsel would be fundamentally unfair.[3]  "In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[4]  The court also considers the efforts made by the litigant to retain his own counsel.[5]

The court still does not find it appropriate to appoint counsel for plaintiff.  While it appears from plaintiff's first motion that he has been diligent in his efforts to find an attorney to represent him, other factors weigh against appointing counsel.  A review of the papers prepared and filed by plaintiff indicates he is capable of presenting his case without the aid of counsel, particularly given the liberal standards governing *pro se* litigants. Plaintiff alleges he has "understanding and memory problems and concentration and persistence problems,"[6] but he does not explain how the problems affect his ability to

---

[3] *Id.*

[4] *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991); *see also Joe Hand Prods., Inc. v. Tribelhorn*, No. 11-2041, 2011 WL 2516700, at *1 (D. Kan. June 23, 2011) (applying the *Long* factors to a defendant's request for appointment of counsel).

[5] *Lister v. City of Wichita, Kan.,* 666 F. App'x 709, 713 (10th Cir. 2016) (quoting *Castner,* 979 F.2d at 1420)); *Tilmon v. Polo Ralph Lauren Factory Store,* No. 17-2383-JAR, 2017 WL 3503678, at *1 (D. Kan. July 6, 2017).

[6] ECF No. 26 at 2.  Plaintiff submits a "Mental Residual Functional Capacity Assessment" completed by an APRN, which supports his assertion that he does have limitations in these areas.  ECF No. 26-1 at 3-4.  He also states that it pains him to write or type, but in that respect plaintiff may need a scribe, not an attorney.

prosecute this case. The factual and legal issues in the case are not extraordinarily complex. Plaintiff alleges that after he was injured at work and became disabled, defendant terminated him when he asked for medical leave and did not accommodate his disability. The court has no doubt that the district judge who is assigned to this case will have little trouble discerning the applicable law. It does not appear that this case presents any atypical or complex legal issues. Finally, based on the limited factual allegations and claims presented in the complaint, the court is unable to determine whether plaintiff's claims are particularly meritorious.

In the end, the court concludes that this is not a case in which justice requires the appointment of counsel at this time. If plaintiff devotes sufficient efforts to presenting his case, the court is certain he can do so adequately without the aid of counsel. Plaintiff's request for appointment of counsel therefore is denied.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this order, he may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion requesting the presiding U.S. district judge to review this order. A party must file any objections within the 14-day period if the party wants to have appellate review of this order.

Copies of this order shall be sent by regular mail to the *pro se* plaintiff.

IT IS SO ORDERED.

Dated January 10, 2022, at Kansas City, Kansas.

                                                 s/James P. O'Hara
                                                James P. O'Hara
                                                U.S. Magistrate Judge